UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 NOV 15 AM 11:59
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

NATIONWIDE MUTUAL
INSURANCE COMPANY,

CASE NO:
DIVISION:

6:10-CV-1695-ORL-22KRS

Petitioner,

vs.

GRAND COQUINA CONDOMINIUM
ASSOCIATION, INC. and DAVID
KELLEY

Respondents.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, the Petitioner, NATIONWIDE MUTUAL INSURANCE COMPANY (hereinafter referred to as "NATIONWIDE") by and through undersigned counsel and hereby files this action against the Respondents, GRAND COQUINA CONDOMINIUM ASSOCIATION, INC. (hereinafter "GRAND COQUINA") and DAVID KELLEY for declaratory relief and would state as follows:

### JURISDICTIONAL ALLEGATIONS

1. NATIONWIDE is an Ohio company, incorporated in Ohio and organized and existing under the laws of Ohio with its principal place of business in Ohio.

2. GRAND COQUINA is a Florida non-profit corporation, incorporated in Florida and organized and existing under the laws of Florida with its principal place of business in Volusia County, Florida.

3. DAVID KELLEY is and at all material times hereto, was a resident of Volusia County, Florida.

4. This Court has jurisdiction of the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the damages at issue are in excess of $75,000.00 exclusive of interest, fees and costs.

5. The current action is brought pursuant to 28 U.S.C. § 2201 and Chapter 86 of the Florida Statutes and seeks declaratory relief regarding the interpretation and application of the Contractors policies issued by NATIONWIDE to DAVID KELLEY for an underlying lawsuit by GRAND COQUINA.

6. Venue is appropriate in this district pursuant to 28 U.S.C § 1391 as GRAND COQUINA'S principal place of business is in this judicial district, DAVID KELLEY resides in this judicial district and the policies at issue were issued in this judicial district.

**UNDERLYING LITIGATION**

7. GRAND COQUINA has filed an action against DAVID KELLEY in the Seventh Judicial Circuit, Volusia County, Florida, Case No. 2009 31498 CICI (hereinafter referred to as the "Underlying Action"). The Complaint is

attached hereto as Exhibit "A" and shall be referred to as the "Underlying Complaint."

8. The allegations of the Underlying Complaint assert that on or about May 7, 2005, GRAND COQUINA and DAVID KELLEY entered into a contract to replace and repair portions of the Condominium common element floorings.

9. The general allegations of the Underlying Complaint allege that DAVID KELLEY repaired and replaced tile flooring throughout the GRAND COQUINA Condominium on or about May of 2005.

10. The general allegations of the Underlying Complaint continue and allege that following the construction of the tile flooring, GRAND COQUINA became aware of certain defects associated with the construction of the tile flooring.

11. The general allegations of the Underlying Complaint also allege that after these defects manifested themselves, GRAND COQUINA requested that DAVID KELLEY provide the necessary remedies pursuant to his obligation under the written contract with the Association, as well as, warranties contained therein and implied at law.

12. The general allegations of the Underlying Complaint allege that DAVID KELLEY failed to make said repairs, prompting GRAND COQUINA to file suit.

13. Count I of the Underlying Complaint is for Violation of the Building Code and alleges that as a direct and proximate result of the violations of the Standard Building Code, GRAND COQUINA will be required to expend

large sums of money to repair the defects and deficiencies associated with the construction and repair of the tile floorings.

14. Count II of the Underlying Complaint is for Negligence and alleges that DAVID KELLEY was responsible for repairing the tile flooring in conformance with applicable building codes, consistent with good design practice, and in a manner which assured that the home would be repaired in accordance with applicable building codes and the plans and specifications.

15. Count II of the Underlying Complaint also alleges that DAVID KELLEY had a duty to GRAND COQUINA to repair the defects in the Condominium in conformance with applicable building codes, consistent with good design practice, and in compliance with the plans and specifications for the tile flooring.

16. Count II of the Underlying Complaint also alleges that DAVID KELLEY breached these duties to GRAND COQUINA in that he repaired the tile flooring in violation of applicable building codes, good design and construction practices, and the approved plans and specifications.

17. Count III of the Underlying Complaint is for Breach of Contract and alleges that GRAND COQUINA entered into a written contract with DAVID KELLEY whereby DAVID KELLEY would install tile flooring on the common element walkways of the Condominium

18. Count III of the Underlying Complaint alleges that soon after the installation of the flooring, leaks, buckling, cracking and significant tile damage appeared.

19. Count III of the Underlying Complaint further alleges that DAVID KELLEY was under the obligation to perform his work under the contract in a good and workmanlike manner.

20. Count III of the Underlying Complaint alleges that as a direct and proximate result of DAVID KELLEY'S actions, GRAND COQUINA has been or will be required to expend funds to remedy the defects and deficiencies.

21. Count IV of the Underlying Complaint is for Breach of Implied Warranty and alleges that DAVID KELLEY impliedly warranted to GRAND COQUINA that the repairs to the flooring would be reasonably fit for its intended purpose and merchantability, and that the tile installation was designed and constructed in accordance with the plans and specifications filed as a matter of public record, with the applicable codes and ordinances, including but not limited to the Standard Building Code, and in accordance with good design, engineering and construction practices.

22. Count IV of the Underlying Complaint further alleges that DAVID KELLEY breached the implied warranty in that GRAND COQUINA discovered defects and deficiencies in the flooring.

23. Count IV of the Underlying Complaint also alleges that as a direct and proximate result of DAVID KELLEY'S breach of warranties, GRAND COQUINA will be required to expend large sums of money for the repair and maintenance of the flooring and to correct the defects and deficiencies caused by DAVID KELLEY.

24. DAVID KELLEY entered into a contract with Plaintiff in May of 2005 under which he would install ceramic tile flooring on nineteen floors of the GRAND COQUINA condominium building.

25. GRAND COQUINA provided the ceramic tiles that DAVID KELLEY and his employees installed.

26. The tile was improperly installed in that DAVID KELLEY failed to provide expansion joists between the tile and abutting walls and failed to include movement joints at intervals required by the Florida Building Code.

27. The defendants also claim that the mortar used failed to meet the Building Code's requirements for shear and bond strength.

28. GRAND COQUINA claims all of the ceramic tiles must be reinstalled or replaced due to the improper installation.

29. Further, as a result of the faulty installation, some of the tiles have cracked or buckled.

## CONTRACTORS LIABILITY POLICY

30. NATIONWIDE issued Contractors Liability policies to DAVID KELLEY for the policy periods of December 4, 2004 to December 5, 2005; December 5, 2005 to December 5, 2006; December 5, 2006 to December 5, 2007; December 5, 2007 to December 5, 2008; December 5, 2008 to December 5, 2009 and December 5, 2009 to December 5, 2010 (hereinafter referred to as the "Contractors Liability policies"). Copies of the Contractors Liability policies are attached hereto as Exhibits "B"-"G" respectively.

31. The Contractors Liability policies provide business liability coverage pursuant to an insuring agreement which states as follows[1]:

> A. COVERAGES
>
> 1. Business Liability
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>       (1) The amount we will pay for damages is limited as described in SECTION D – LIABILITY AND MEDICAL EXPENSES LIMITS OF INSURANCE; and
>
>       (2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.
>
>    No other obligation or liability to pay sums or perform acts or services is covered unless

---

[1] The insuring agreement for the Contractors Liability policy issued for the policy period of December 5, 2004 to December 5, 2005 is provided in the Contractors Liability Coverage Form, ACP 0007(11-03). The insuring agreement for the policy period of December 5, 2004 to December 5, 2005 did not contain the following language "[h]owever, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply." The insuring agreement for the Contractors Liability policy issued for the policy period of December 5, 2005 to December 5, 2006 is provided in Contractors Liability Coverage Form, ACP 0007 (11-04) and the Changes - Insuring Agreement Endorsement, ACP0123(5-04). The insuring agreement for the Contractors Liability policies issued for the policy periods of December 5, 2006 to December 5, 2007; December 5, 2007 to December 5, 2008; December 5, 2008 to December 5, 2009 and December 5, 2009 to December 5, 2010 is provided in the Contractors Liability Coverage Form, ACP 007 (06-05), and the Changes - Insuring Agreement Endorsement, ACP 0123 (5-04).

      explicitly provided for under COVERAGE EXTENSION–SUPPLEMENTARY PAYMENTS.

  b. This insurance applies:

    (1) To "bodily injury" and "property damage" only if:

      (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (b) The "bodily injury" or "property damage" occurs during the policy period.

    (2) To "personal and advertising injury" only if:

      (a) The "personal and advertising injury" caused by an offense was committed in the "coverage territory"; and

      (b) The "personal and advertising injury" occurs during the policy period.

  c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

  d. "Property damage" that is loss of use of tangible property that is not physically inured will be deemed to occur at the time of the "occurrence" that caused it.

32.   The business liability coverage is amended by the following endorsement to the policies[2]:

---

[2] The Changes –Insuring Agreement applies to the policies issued for the following policy periods: December 5, 2005 to December 5, 2006; December 5, 2006 to December 5, 2007; December 5, 2007 to December 5, 2008; December 5, 2008 to December 5, 2009 and December 5, 2009 to December 5, 2010.

## CHANGES – INSURING AGREEMENT

This endorsement modifies insurance provided under the following:

CONTRACTORS POLICY

A. Paragraph 1.b. under A. COVERAGES, BUSINESS LIABILITY is replaced by the following:

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2) The "bodily injury" or "property damage" first "manifests" during the policy period.

        (3) Prior to the policy period, no insured listed under Paragraph 1. of C. – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

B. The following definition is added to LIABILITY AND MEDICAL EXPENSES DEFINITIONS:

"Manifests" means that the damage or injury is either:

    a. Discovered by the insured or some other person; or

    b. Reasonably should be discovered by the insured or some other person.

    C.    The following exclusion is added to B. EXCLUSIONS 1., APPLICABLE TO BUSINESS LIABILITY COVERAGE:

This insurance does not apply to:

"Bodily injury" and "property damage" which "manifests" prior to the inception of this policy or after termination of this policy.

33.    The business liability coverage of all of the Contractors Liability policies are subject to the following relevant exclusions:

2. Exclusions

This insurance does not apply to:

. . .

A.    EXCLUSIONS

    1.    Applicable to Business Liability Coverage

    This insurance does not apply to:

    k.    "Property damage" to:

    (1)    Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    (3)    Property loaned to you;

    (4)    Personal property in the care, custody or control of the insured;

    (5)    That particular part of real property on which you or any

contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section D – Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

l.  "Property damage" to "your product" arising out of it or any part of it.

m.  "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was

11

      performed on your behalf by a subcontractor.

n.    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

o.    Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";

    (2)    "Your work"; or

    (3)    "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

34.    The following relevant definitions are applicable to the business liability coverage under the Contractors Liability policies:

F. **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

    7. "Impaired Property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

        a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

        b. You have failed to fulfill the terms of a contract or agreement;

    If such property can be restored to use by:

        a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

        b. Your fulfilling the terms of the contract or agreement.

    12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    15.a. "Products-Completed Operations Hazard" includes all "bodily injury: and "property damage" arising out of "your product" or "your work" except:

        (1) Products that are still in your physical possession; or

        (2) Work that has not yet been completed or abandoned.

        The "bodily injury" or "property damage" must occur away from premises you own or rent.

    b. "Your work" will be deemed completed at the earliest of the following times:

        (1) When all of the work called for in your contract has been completed.

        (2) When all of the work to be done at the site has

|   |   |   |
|---|---|---|
|   |   | been completed if your contract calls for work at more than one site. |
|   | (3) | When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. |
|   |   | Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. |
|   | c. | This hazard does not include "bodily injury" or "property damage" arising out of: |
|   |   | (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" or it; or |
|   |   | (2) The existence of tools, uninstalled equipment or abandoned or unused materials. |
| 16. | "Property Damage" means: |   |
|   | a. | Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or |
|   | b. | Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. |

14

> For the purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software including systems and applications software hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

20. "Your Product" means:

    a. Any goods or products, other than real property, manufactured, sole, handled, distributed or disposed of by:

        (1) You;

        (2) Others trading under your name; or

        (3) A person or organization whose business or assets you have acquired; and

    b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    "Your Products" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and

    b. The providing of or failure to provide warnings or instructions.

    "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

21. "Your Work" means:

    a. Work or operations performed by you or on your behalf; and

      b.    Materials, parts or equipment furnished in connection with such work or operations.

"Your Work" includes:

      a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      b.    The providing of or failure to provide warnings or instructions.

36. DAVID KELLEY is seeking coverage for the underlying claims and the Underlying Complaint under the Contractors Liability policies issued to DAVID KELLEY by NATIONWIDE.

37. NATIONWIDE is providing a defense to DAVID KELLEY under a reservation of rights.

38. The business liability coverage of the policies only applies to "bodily injury" or "property damage" caused by an occurrence that takes place in the coverage territory and first manifests during the policy period.

39. The Underlying Complaint and claims against DAVID KELLEY seek damages which in whole or in part are not covered by the terms of the policies.

40. This action seeks a determination of the extent of coverage, if any, for the damages alleged.

41. In the Underlying Action, GRAND COQUINA seeks to hold DAVID KELLEY responsible for repairing or replacing his defective work.

42. In the Underlying Action, GRAND COQUINA seeks damages for repairing or replacing the improperly installed ceramic floor tiles.

46. In the Underlying Action, GRAND COQUINA seeks recovery of damages outside the coverage of the policies or excluded by the terms of the policies.

47. The parties dispute the interpretation of the relevant provisions of the Contractors Liability policies and whether NATIONWIDE has a duty to indemnify DAVID KELLEY for the damages allegedly sustained by GRAND COQUINA.

48. As the parties are in dispute as to the coverage afforded under the Contractors Liability policies, this action is appropriate for determination by the Court.

WHEREFORE, Plaintiff, NATIONWIDE, hereby requests that this Court declare the rights of the parties under the Contractors Liability policies issued to DAVID KELLEY and enter an Order setting forth the extent to which NATIONWIDE has a duty to indemnify DAVID KELLEY, if any, for the damages claimed by GRAND COQUINA and award any other relief this Court deems just and appropriate.

/s/ John Russell
John D. Russell, Esquire
Florida Bar No: 0050271
jrussell@wsmslaw.com
**Colleen Elrod, Esquire**
Florida Bar No.: 0043777
celrod@wsmslaw.com
**WILLIAMS SCHIFINO MANGIONE & STEADY, P.A.**
P.O. Box 380
Tampa, FL 33601
(813) 221-2626
Fax No: (813) 221-7335
Attorneys for Plaintiff